**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7402**

WILLIAM SCOTT DAVIS, JR.,

               Petitioner - Appellant,

      v.

WARDEN TIMOTHY STEWART; FCI CUMBERLAND; USAG JEFF SESSIONS,

               Respondents - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:18-cv-01745-GLR)

Submitted: March 27, 2019                Decided: June 5, 2019

Before HARRIS, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Remanded by unpublished per curiam opinion.

William Scott Davis, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Scott Davis, Jr., a federal prisoner, seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2241 (2012) petition. The district court entered its judgment on the docket on August 1, 2018. Davis filed a postjudgment Fed. R. Civ. P. 60 motion that the district court received on October 4, 2018, but that has not yet resolved. Davis subsequently filed a notice of appeal that was received on October 29, 2018.

Because Davis is incarcerated, his Rule 60 motion and notice of appeal are considered filed as of the date they were properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266 (1988). If Davis properly delivered his Rule 60 motion on or before August 29, 2018, the appeal period will not begin to run—and the notice of appeal is not effective—until the district court disposes of the motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i). If Davis properly delivered the Rule 60 motion after August 29, the appeal period expired on August 31, 2018. Fed. R. App. P. 4(a)(1)(A).

The record does not conclusively reveal when Davis gave either the Rule 60 motion or the notice of appeal to prison officials for mailing. Accordingly, we remand the case for the limited purpose of allowing the district court to obtain this information from the parties and to determine whether Davis' notice of appeal was timely and effective. If the Rule 60 motion was timely, then the appeal was ineffective and the district court should resolve the Rule 60 motion. If the Rule 60 motion was untimely,

then the record, as supplemented on the timeliness of the notice of appeal, will then be returned to this court for further consideration.

*REMANDED*